J-S22026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERREL DARNELL DIXON | |
| Appellant | No. 1606 WDA 2014 |

Appeal from the PCRA Order September 16, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001027-2010

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:  **FILED MAY 19, 2015**

Terrel Darnell Dixon appeals from the order of the Court of Common Pleas of Beaver County that dismissed his petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we affirm.

Dixon entered an open guilty plea to one count of third-degree murder on August 5, 2011, and one week later, the trial court sentenced him to 12 to 30 years' imprisonment.  Dixon filed a *pro se* PCRA petition on June 27, 2012.  The court appointed counsel, who filed an amended petition on August 16, 2012.  Following a hearing, the court denied the petition on November 16, 2012.  Dixon appealed to this Court, which denied relief on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

August 20, 2013. *Commonwealth v. Dixon*, 83 A.3d 1069 (Pa. Super. 2013) (unpublished memorandum). We denied reargument on October 23, 2013, and Dixon filed a petition for allowance of appeal on November 21, 2013, which our Supreme Court denied on May 6, 2014. *Commonwealth v. Dixon*, 91 A.3d 161 (Pa. 2014).[2]

On August 18, 2014, Dixon filed the instant PCRA petition, which the court dismissed by opinion and order dated September 16, 2014. Prior to dismissing the petition, the court did not provide a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On October 3, 2014, Dixon filed a *pro se* response to the opinion and order setting forth the reasons why the court should not have dismissed the petition without a hearing. On the same day, he filed a notice of appeal to this Court.

In response to an order from the trial court, Dixon filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and on November 5, 2014, the trial court issued an opinion that incorporated its opinion of September 16, 2014.

On appeal, Dixon raises the following issues *verbatim* for our review:

_____

[2] While the petition for allowance of appeal was pending, Dixon filed a motion with the trial court to compel the clerk of courts to file a second PCRA petition that he alleged to have filed. The trial court denied relief, and Dixon filed an appeal in this Court, which was denied by judgment order on February 5, 2015. *Commonwealth v. Dixon*, 930 WDA 2014 (Pa. Super. 2015).

1. Whether Judge Tesla should have recused from [Dixon's] case for his (Judge['s]) bias du[e] to [the] fact that said judge refused to hear grounds for plea withdrawal at any time prior to sentencing necessitating recusal in the instant matter and said judge's dismissal affirm said refusal or whether [Dixon] is "judge shopping[.]"

2. Whether Judge Tesla was bias[ed] and incompetent in issuing an order of dismissal, which was in effect, a final order, before [Dixon] was given an opportunity to respond pursuant to Pa.R.Crim.P. 907(1) necessitating recusal in the instant matter or whether [Dixon] was "judge shopping[.]"

3. Whether Judge Tesla committed further procedural error as a result of incompetence and bias in issuing an order dismissing the petition prior to [Dixon's] response pursuant to Pa.R.A.P. 907(a) necessitating recusal in the instant matter[.]

4. Whether a ruling by Judge Tesla being the subject matter of the petition which gives rise to the instant appeal shows impropriety and/or the appearance of impropriety necessitating recusal in the instant mater [sic] or whether [Dixon] is "judge shopping[.]"

5. Whether Judge Tesla's examination of the merits of the petition which effectively exercises jurisdiction over the petition which gives rise to the instant appeal requires the Court to examine[e] all merits[.]

6. Whether an exception to the timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1) is applicable to the petition which gives rise to the instant appeal in that the petition contains facts unknown to [Dixon] in this matter and said facts could not have been obtained by any exercise of due diligence due to the fact that the Affiant clearly states that she "only recently" remembered the facts as having occurred as described in the affidavit[.]

7. Whether an exception to the timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1) is applicable to the petition which gives rise to the instant appeal in that a request for a subpoena made by the Commonwealth was granted resulting in governmental interference[.]

8. Whether due diligence could have been exercised to obtain the information contained in the affidavit which gave rise to

the filing of the petition due to the fact that the Affiant clearly states that "only recently" has she gained proper recollection of the contents of the affidavit[.]

9. Whether [Dixon] demonstrated that due diligence was exercised in contacting the Affiant as a result of subpoenas on his mail and Affiant's contact information being withheld by his (Appellant[']s) appellate counsel[.]

10. Whether the affidavit contains facts unknown to [Dixon] in this matter, thus invoking an exception to 42 Pa.C.S.A. § 9545(b)(1), and whether Judge Tesla made an unreasonable inference in assuming what [Dixon] knew[.]

11. Whether an evidentiary hearing is necessary to clarify the contents of the affidavit that is the newly-discovered evidence on the basis that Judge Tesla admits that he "did no[t] share [Dixon's] understanding of the affidavit" and whether the statements in the affidavit need to be elaborated upon by way of an evidentiary hearing[.]

12. Whether the court proceeded further in determining whether the newly-discovered evidence was exculpatory and other issues were previously litigated, thus exercising jurisdiction over the petition or whether "the court expressly limited its review to the timeliness of [Dixon's] PCRA Petition[.]

13. Whether [Dixon] in this matter cited Judge Tesla's procedural error in dismissing the PCRA Petition by way of final order to demonstrate Judge Tesla's bias and incompetence and whether Judge Tesla is holding [Dixon] to the same standards as an attorney due to [Dixon's] failure to file a motion to vacate or whether [Dixon] was just citing the Court's procedural error to show prejudice?

Appellant's Brief, at iv-v.

The PCRA court summarized the underlying facts of this case as

follows:

On May 17, 2010 at approximately 9:26 p.m., police officers were dispatched to 286 Sixth Street, Ambridge, Pennsylvania in response to a report of a shooting at that location. Upon arrival

- 4 -

at the scene, officers discovered the victim, Kevin Johnson, lying on the sidewalk with multiple gunshot wounds to his face and torso. The deputy coroner later pronounced Mr. Johnson dead at the scene.

While investigating the incident, Officer Alan Shaffer of the Ambridge Police Department interviewed Tammy Sgro, the individual who resided at the apartment located at 286 Sixth Street. Ms. Sgro informed Officer Shaffer that, earlier that night, [Dixon] was at her apartment repairing her door when Mr. Johnson arrived and asked to be let into the apartment. Ms. Sgro yelled from her upstairs window that Mr. Johnson would not be permitted to enter the apartment. Shortly thereafter, she heard loud banging at her apartment door followed by several gunshots. Ms. Sgro then ran down the stairs, looked outside, and observed that [Dixon] was gone and that a black male was lying on the sidewalk bleeding. Ms. Sgro stated that she subsequently returned to her apartment and dialed 911 to report the incident. In addition to Ms. Sgro, the responding officers interviewed several other witnesses who indicated that a man matching [Dixon's] description was seen running from the scene of the shooting, and, ultimately, he agreed to turn himself in to the Ambridge Police Department.

Opinion and Order, 9/16/14, at 1-2.

At a hearing on Dixon's first PCRA petition, Sgro testified that she and Johnson had been in a brief relationship. N.T. PCRA Hearing, 11/16/12, at 12. She further testified that "[Dixon] . . . showed up [the night of the shooting] to try to help [her] fix the lock [on her front door] because [she] was in fear of [Johnson] showing up drunk and wanting to start a fight with [her]." *Id*. at 12-13.

In an affidavit attached to the instant PCRA petition, Sgro makes the following statements: (1) when Dixon arrived at her house, he was accompanied by another man; (2) shortly after Dixon arrived, they went upstairs where they "became intimate," and in the process she disrobed him

- 5 -

but "never was aware of any firearms," (3) when she and Dixon were interrupted by loud banging on the door, she "heard two other male voices plus" Johnson's; and (4) shortly before Dixon's trial, his counsel told her that she should convince Dixon to plead guilty. Affidavit of Tamara Sgro, 6/18/14, at 1-2. These averments are the basis for his claims of newly discovered evidence.

We agree with the Honorable Kim Tesla that the facts averred in the PCRA petition and supporting affidavit were known to the petitioner or could have been ascertained by the exercise of due diligence. Accordingly, they do not serve as a basis for seeking relief more than one year after Dixon's judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1)(ii).

After a review of Dixon's brief,[3] the relevant case law, and record on appeal, we affirm the trial court's order dismissing Dixon's PCRA petition as untimely filed based upon Judge Tesla's Pa.R.A.P. 1925(a) opinion. We instruct the parties to attach a copy of Judge Tesla's decision in the event of further proceeding in the matter.

Order affirmed.

---

[3] The Commonwealth did not file an appellee's brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2015

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION – LAW

COMMONWEALTH OF PENNSYLVANIA, :
                                        :

vs.                                 :

                                        :         No. 1027 of 2010

TEREL DIXON,                     :

                                         :

            Defendant.              :

Tesla, J.                                    November 5 , 2014

## RULE 1925(a) OPINION

Before this Court for disposition is the petition for post-conviction collateral relief under the Post Conviction Relief Act (hereinafter, "PCRA") filed on behalf of Defendant Terel Dixon. For the reasons stated below, Defendant's Petition is denied.

### FACTS AND PROCEDURAL HISTORY

On September 17, 2014, this Court signed an Opinion and Order of Dismissal in this case. That Order, which further specifies the prior facts and procedural history, as well as the Court's rationale for the dismissal of Defendant's Petition, is attached to this 1925(a) opinion as Appendix "A" and incorporated as if fully set forth herein. On October 3, 2014, Defendant filed a notice of appeal of the Court's Opinion and Order of Dismissal, and also filed a Response to Opinion and Order of Dismissal (hereinafter, "Pro Se Response.") On October 24, 2014, Defendant then also filed a Concise Statement of Matters Complained of on Appeal (hereinafter, "Concise Statement").

### ANALYSIS

Between his Pro Se Response and Concise Statement, Defendant appears to argue the following:

1. Judge Tesla should be disqualified from Defendant's case.

JUDY R. ENSLEN
CLERK OF COURTS

BEAVER COUNTY
PENNSYLVANIA

11 NOV -5 PH 3: 36

2. The Court erred in refusing to address the merits of the case.

3. The Court erred in finding that Defendant's PCRA Petition was not timely filed because the evidence qualifies as newly discovered evidence and Defendant has exercised due diligence.

4. The Court erred in finding that Defendant's PCRA Petition was not timely filed because the affidavit Defendant proffers is exculpatory.

5. The Court erred in filing an Opinion and Order of Dismissal without giving the required Notice of Intent under Rule 907.

6. The Court erred in dismissing Defendant's PCRA Petition because his ineffective assistance of counsel arguments have not been waived or previously litigated.

The Court will proceed to address each of Defendant's arguments in turn.

### 1. Recusal of Judge Tesla

Defendant argues that Judge Tesla should be disqualified from the case. Defendant has already previously made a motion to recuse Judge Tesla on April 1, 2013. That Motion was denied by the Court on April 4, 2014. Defendant did not appeal that decision.

When a trial court judge is presented by a defendant with a motion to recuse himself from the case,

> "'the judge makes an independent, self-analysis of the ability to be impartial. If content with that inner examination, the judge must then decide 'whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.' This assessment is a 'personal and unreviewable decision that only the jurist can make.' 'Once the decision is made, it is final....'
>
> "'This Court presumes judges of this Commonwealth are 'honorable, fair and competent,' and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the 'decision

2

by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.'"

Com. v. Thomas, 615 Pa. 477, 498-99, 44 A.3d 12, 24 (2012) (quoting Com v. Druce, 577 Pa. 581, 848 A.2d 104, 108 (2004)).

"The mere participation by the presiding judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety." Com. v. Boyle, 498 Pa. 486, 490, 447 A.2d 250, 252 (1982) (citing U.S. v. Lowrey, 77 F.Supp. 301 (E.D.Pa.1948) *affirmed* 172 F.2d 226 (1949)). "In addition, we have concluded that, in general, it is preferable for the judge who presided at trial to preside over any post-conviction proceedings because his or her familiarity with the case will likely assist the proper administration of justice." Com. v. Hutchinson, 611 Pa. 280, 25 A.3d 277, 319 (2011).

This Court does not believe recusal is either necessary or appropriate in this case, and Defendant has failed to meet his burden to prove bias, prejudice, or unfairness necessitating recusal. Defendant's argument for recusal is based solely on Judge Tesla's familiarity with the case from having presided over it, and Defendant's dissatisfaction with the results of his guilty plea. In essence, Defendant seeks to begin a process in which he can obtain a more favorable outcome from a judge less acquainted with the case.

"Judge shopping has been universally condemned, and will not be tolerated at any stage of the proceedings. Thus, where fabricated, frivolous or scurrilous charges are raised against the presiding judge during the course of the proceeding, the court may summarily dismiss those objections without hearing where the judge is satisfied that the complaint is wholly without foundation." Mun. Publications, Inc. v. Court of Common Pleas of Philadelphia Cnty., 507 Pa. 194, 202, 489 A.2d 1286, 1289-90 (1985) (external citations omitted).

3

Because Defendant has failed to meet his burden of proof, because the law favors that the previously presiding judge continue to preside over post-conviction proceedings, and because Defendant's arguments are a frivolous attempt at "judge-shopping," his first argument is denied.

## 2. Merits of the Case

Defendant argues that because the Court addressed some of the merits in its Opinion and Order of Dismissal that the Court must then hear all of the merits. This argument plainly misapprehends the Court's Opinion and Order, which clearly stated in the final paragraph and second footnote that the merits of the case were not, and indeed could not, be reached due to the untimeliness of the Petition and the absence of jurisdiction. For the reasons stated in the Court's Opinion and Order of Dismissal, Defendant's second argument is denied.

## 3. Timeliness of Defendant's PCRA Petition

In his Pro Se Response and Concise Statement of Matters Complained of on Appeal, Defendant's argues that a key fact in Ms. Sgro's Affidavit was unaddressed by the Court in considering the after-discovered evidence exception under 42 Pa.C.S.A. § 9545(b)(1)(ii). Defendant refers specifically to Ms. Sgro's statement regarding the presence of a second lighter-skinned male. Defendant asserts, "There is nothing in Sgro's affidavit nor any other evidence in possession of the court that even suggests that Appellant was aware of the presence of a second male." As with his previous arguments, the Court believes that Defendant mistakes Ms. Sgro's affidavit. What she states is that "Mr. Dixon did arrive at the residence *with* another male" and that she "allowed *both* men to enter" her home. If Ms. Sgro's affidavit upon which Defendant relies is to be believed, then Defendant also at that time would have known of the existence and presence of this other male, because he came to her residence with him and both were allowed inside. *See, e.g.,* Com. v. Johnson, 2008 Pa.Super. 26, 945 A.2d 185, 190-91 (2008) (proffer of

4

testimony of new witnesses to facts which were already known to Defendant does not satisfy requirements of exception under section 9545(b)(1)(ii)). Therefore these facts, if true, would not have been unknown to Defendant or unascertainable by him by the exercise of due diligence. Id.

In relation to this argument, Defendant appears to claim that his mail was under subpoena by the District Attorney's office, and that this somehow interfered with his ability to exercise due diligence in his learning of the facts contained in Ms. Sgro's affidavit. It is unclear to the Court precisely what Defendant is arguing with regard to his mail. He provides no evidence on this alleged matter and his argument in this respect is not well developed. Regardless, the facts in Ms. Sgro's affidavit upon which Defendant relies would, as previously explained, already have been known to Defendant because he would have been present when the alleged facts occurred. Further, as Defendant himself recognizes in his Pro Se Response, Ms. Sgro was available and testified at Defendant's earlier PCRA evidentiary hearing in 2012. Thus Defendant has plainly had the opportunity to not only contact Ms. Sgro, but to even examine her under oath.

Although omitted from his Concise Statement, in his Pro Se Response Defendant also attempted to further clarify his position by arguing that the exception for timeliness under 42 Pa.C.S.A. § 9545(b)(1)(i) applies to his case because his PCRA counsel, Dirk Goodwald, did not provide him with Ms. Sgro's contact information.

> **(b) Time for filing petition.--**
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference *by government officials* with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> . . .
> (4) For purposes of this subchapter, *"government officials" shall not include defense counsel, whether appointed or retained.*

5

42 Pa.C.S.A. § 9545(b) (emphasis added).

Because Dirk Goodwald was Defendant's counsel, the exception to the timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1)(i) does not apply. Id.; Com. v. Crews, 581 Pa. 45, 53, 863 A.2d 498, 503 (2004) ("[I]t is well settled that the alleged ineffectiveness of all prior counsel, including first PCRA counsel, does not fall within the governmental interference exception."). Therefore, Defendant's Petition is not timely under 42 Pa.C.S.A. § 9545(b)(1)(i).

For these reasons and those stated in the Court's Opinion and Order of Dismissal, the Court remains unconvinced, and finds that the Defendant, even by his further clarification and additional arguments, has failed to prove that the facts upon which he rests his Petition were either unknown to him, or that they could not have been ascertained by exercising due diligence. See 42 Pa.C.S.A. § 9545(b)(1)(ii). The Court further finds no evidence of any interference by government officials with the presentation of his claim. See 42 Pa.C.S.A. § 9545(b)(1)(i). Defendant's third argument is therefore denied.

### 4. Whether Affidavit Proffered by Defendant is Exculpatory

Defendant next argues that the Court denied his PCRA Petition on the basis that the evidence he presented was not exculpatory. Again, Defendant misapprehends the Court's opinion. In its Opinion and Order of Dismissal, the Court noted Defendant's confusion over the difference between after-discovered evidence and exculpatory evidence, and stated in its first footnote that "for purposes of whether this Petition is timely or not, the question is not whether the proffered evidence is exculpatory, but whether the facts were unknown and could not have been ascertained by the exercise of due diligence."

Defendant argued in his PCRA Petition that the affidavit of Ms. Sgro was exculpatory and thus provided new evidence. In addressing this argument, the Court simply noted that it did

6

not share Defendant's understanding of the affidavit or find that it was evidence meeting the requirements of section 9545(b)(1)(ii). As stated previously, due to jurisdictional limitations, the Court expressly limited its review to the timeliness of Defendant's PCRA Petition and, finding it untimely, proceeded no further.

For these reasons and those stated in the Court's Opinion and Order of Dismissal, Defendant's fourth argument is denied.

### 5. The Court Failed to File a Notice of Intention to Dismiss Without a Hearing.

Defendant argues that the Court failed to follow correct criminal procedure in dismissing his PCRA Petition without first filing a Notice of Intent to Dismiss. The Court dismissed the instant PCRA Petition for lack of jurisdiction because of the evident timeliness bar discussed therein. Defendant takes issue in his Pro Se Response and Concise Statement that the PCRA Petition was dismissed without first filing a Notice of Intention to Dismiss, citing Pa.R.Crim.P. 907.

Nevertheless, Defendant has proceeded to file his Pro Se Response and Notice of Appeal of the Court's order. In his Pro Se Response, Defendant argues that the Court's Opinion and Order of Dismissal should be treated as the Notice of Intention to Dismiss required by Rule 907, and that his Pro Se Response must be considered by the Court. The Court notes its procedural error. It also notes Defendant's decision to proceed by filing his Pro Se Response, Notice of Appeal, and Concise Statement, rather than filing a Motion to Vacate due to the proper Notice of Intention to Dismiss not being filed.

Although the language of the rule appears mandatory, strict compliance with Rule 907 may not be necessary where the Defendant has not been prejudiced. *Compare* Com. v. Bond, 428 Pa.Super. 344, 349, 630 A.2d 1281, 1283 (1993) (strict compliance unnecessary where defendant

7

has not been prejudiced), *with* <u>Com. v. Feighery</u>, 443 Pa.Super. 327, 330, 661 A.2d 437, 439 (1995) (distinguishing <u>Bond</u> and requiring strict compliance where Defendant has been prejudiced). *See also* <u>Com. v. Pursell</u>, 561 Pa. 214, 225, 749 A.2d 911, 917, n.7 (2000) (no relief available where PCRA petition dismissed without hearing or filing of a Notice of Intention to Dismiss because PCRA Petition was untimely and trial court therefore had no jurisdiction).

In this case, rather than vacating its prior Opinion and Order and then filing the required Notice of Intention to Dismiss, which would serve no purpose other than to further delay Defendant's petition as he has already filed his Notice of Appeal of the Court's prior Order and submitted his Pro Se Response and Concise Statement, the Court instead believes it best to proceed as Defendant has requested in his Pro Se Response, addressing his additional arguments stated therein within this 1925(a) Opinion. The chief reason for Rule 907 is to allow the defendant a chance to respond to the court. *See* Pa.R.Crim.P. 907 ("The defendant may respond to the proposed dismissal within 20 days of the date of the notice."); <u>Com. v. Hopfer</u>, 2009 Pa.Super. 16, 965 A.2d 270, 275 (2009) (vacating dismissal of PCRA Petition and remanding to PCRA court to allow defendant to file response where defendant was deprived of opportunity to respond to Notice of Intent to Dismiss). That purpose is fulfilled in this case by proceeding in this manner.

Although the Notice of Intent required by Rule 907 was not filed in this case prior to dismissing the PCRA Petition without a hearing, Defendant has suffered no prejudice as he has in fact responded and his response is now considered by the Court. *See* <u>Bond</u>, 428 Pa.Super. at 349, 630 A.2d at 1283; <u>Pursell</u>, 561 Pa. at 225, 749 A.2d at 917, n.7. By recognizing the error and considering Defendant's responses, the Court has sought to apply the remedy employed in <u>Hopfer</u> at this earlier stage in the proceedings, thus protecting Defendant's right to respond and

8

be heard by the Court, preventing any other potential prejudice or future delay that might occur by proceeding otherwise under these circumstances, and also fulfilling the purpose of Rule 907. *See* Hopfer, 2009 Pa.Super. 16, 965 A.2d at 275.

Finally, it appears to the Court that Defendant, through his Pro Se Response which requests on the first page under the third numbered paragraph that the Court's Opinion and Order of Dismissal be treated as a Notice of Intent to Dismiss, has waived the requirements of Rule 907 on the condition that his Pro Se Response is considered by the Court. Defendant's Pro Se Response, Notice of Appeal, and Concise Statement have all been taken into account by the Court in this opinion. Therefore, the Court also finds that Defendant has waived the procedural error.

Because Defendant has suffered no prejudice, because the Court has applied the proper remedy by addressing Defendant's Pro Se Response and Concise Statement within this opinion, and because Defendant has waived the Rule 907 requirements in his Pro Se Response, Defendant's fifth argument is denied.

### 6. Ineffective Assistance of Counsel

Defendant's final argument is that he should be allowed to present additional arguments for ineffective assistance of counsel. As stated before in its Opinion and Order of Dismissal, the timeliness bar cannot be circumvented simply by presenting issues in terms of ineffective assistance of counsel. *See, e.g.*, Com. v. Edmiston, 619 Pa. 549, 565-66, 65 A.3d 339, 349 (2013) cert. denied, 134 S.Ct. 639, 187 L.Ed.2d 423 (U.S. 2013) ("[W]e note that we have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim. As we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar.

9

Rather, the only cognizable exceptions are set forth at Section 9545(b)(1).") (citations omitted). Because Defendant's PCRA petition is untimely, the Court has no jurisdiction to consider Defendant's arguments relating to ineffective assistance of counsel. Defendant's sixth argument is therefore denied.

**CONCLUSION**

For the aforementioned reasons, Defendant's appeal should be denied.

BY THE COURT

_____ J.

KIM TESLA
JUDGE

JUDY R. ENSLEN
CLERK OF COURTS
14 NOV -5 PM 3:33
BEAVER COUNTY
PENNSYLVANIA

2014 NOV -5 P 1: 05
BY THE COURT

# APPENDIX "A"

## Opinion and Order of Dismissal

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION – LAW

COMMONWEALTH OF PENNSYLVANIA,     :
                                        :

vs.                                      :
                                        :         No. 1027 of 2010

TEREL DIXON,                       :

        Defendant.             :

Tesla, J.                                     September 16, 2014

## OPINION AND ORDER OF DISMISSAL

Before this Court for disposition is the Petition for Post-Conviction Collateral Relief under the Post Conviction Relief Act (hereinafter, "PCRA") filed on behalf of Defendant Terel Dixon. For the reasons stated below, Defendant's Petition is dismissed.

### FACTS AND PROCEDURAL HISTORY

On May 17, 2010 at approximately 9:26 p.m., police officers were dispatched to 286 Sixth Street, Ambridge, Pennsylvania in response to a report of a shooting at that location. Upon arrival at the scene, officers discovered the victim, Kevin Johnson, lying on the sidewalk with multiple gunshot wounds to his face and torso. The deputy coroner later pronounced Mr. Johnson dead at the scene.

While investigating the incident, Officer Alan Shaffer of the Ambridge Police Department interviewed Tammy Sgro, the individual who resided in the apartment located at 286 Sixth Street. Ms. Sgro informed Officer Shaffer that, earlier that night, Defendant was at her apartment repairing her door when Mr. Johnson arrived and asked to be let into the apartment. Ms. Sgro yelled from her upstairs window to Mr. Johnson that he would not be permitted to enter the apartment. Shortly thereafter, she heard loud banging at her apartment door followed by several gun shots. Ms. Sgro then ran down the stairs, looked outside, and observed that

Defendant was gone and that a black male was lying on the sidewalk bleeding. Ms. Sgro stated that she subsequently returned to her apartment and dialed 911 to report the incident. In addition to Ms. Sgro, the responding officers interviewed several other witnesses who indicated that a man matching Defendant's description was seen running from the scene of the shooting. Based on this information, Defendant was identified as a suspect in the shooting, and, ultimately, he agreed to turn himself into the Ambridge Police Department.

On May 18, 2010, a Criminal Complaint was filed against Defendant, charging him with one count of criminal homicide under 18 Pa.C.S.A. § 2501(a), one count of firearms not to be carried without a license under 18 Pa.C.S.A. § 6106(a), and two counts of recklessly endangering another person under 18 Pa.C.S.A. § 2705. On August 5, 2011, Defendant pled guilty to third degree murder and was sentenced on August 12, 2011 to a term of imprisonment of twelve to thirty years. On February 9, 2012, Defendant filed a Motion to Modify and Reduce Sentence. On February 21, 2012, this Court entered a Memorandum Opinion and Order dismissing Defendant's Motion to Modify and Reduce Sentence, denying his Request for Transcripts, and granting Defendant's Application for Assignment of Counsel by appointing the Public Defender's Office to represent Defendant.

On June 27, 2012, Defendant filed a *pro se* Motion for Post Conviction Collateral Relief. On August 16, 2012, the Deputy Public Defender filed an Amended Petition for Post Conviction Relief on behalf of Defendant. Following a hearing on November 16, 2012, the Court entered an Order denying Defendant's Petitions. On December 17, 2012, Defendant filed an Appeal with the Superior Court. Defendant was directed to file a Rule 1925(b) Statement, which he submitted on January 8, 2013. On August 20, 2013, the Superior Court affirmed this Court's denial of Defendant's Petitions. On November 21, 2013, Defendant filed a Petition for Allowance of

2

Appeal to the Supreme Court of Pennsylvania. On May 6, 2014, Defendant's Petition for Allowance of Appeal was denied.

In addition to his Petition for Allowance of Appeal, on November 18, 2013, Defendant also filed an Application for Leave to File Original Process and a Writ of Mandamus with the Supreme Court of Pennsylvania in Terel Dixon v. Nicholas Corsetti, Hon. Mary Bowes, Hon. Sally Mundy, Hon. Robert E. Colville, No. 82 WM 2013. On February 5, 2014, the Supreme Court entered an order denying Defendant's Writ, and also directing the Prothonotary to strike the names of the jurists from the caption.

On December 18, 2013, before his Petition for Allowance of Appeal to the Supreme Court had been resolved, Defendant mailed a second *pro se* PCRA Petition to the District Attorney's office. On May 13, 2014, after his Petition for Allowance of Appeal had been denied, Defendant filed a Motion with this Court to compel District Attorney Anthony Berosh to submit the mailed PCRA Petition on his behalf. On May 22, 2014, this Motion was denied because it was not filed with the Clerk of the Court and could not have been pursued anyway while Defendant's Petition for Allowance of Appeal with the Supreme Court for his first PCRA Petition was pending. On June 4, 2014, Defendant filed a Notice of Appeal with the Superior Court regarding this Court's denial of his Motion to Compel, in which Defendant also sought the recusal of Judge Tesla. On August 13, 2014, Defendant filed a 1925(b) Concise Statement. On August 15, 2014, this Court filed its 1925(a) Opinion and Order. On August 18, 2014, Defendant then filed this instant third PCRA Petition with this Court.

## ANALYSIS

Before proceeding to any of the potential merits of Defendant's argument, this Court must first determine whether Defendant's instant PCRA Petition is timely filed. If it is not, then

3

this Court does not have jurisdiction to consider Defendant's Petition, and the Petition must be dismissed. Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014) (citing Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999)) ("PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy.").

Any petition for PCRA relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the Defendant alleges and proves that one of three enumerated exceptions applies. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(2). A notice of appeal must be filed within 30 days, after which an appellate court no longer has jurisdiction to hear the case. Commonwealth v. Bey, 437 Pa. 134, 136, 262 A.2d 144, 145 (1970); Pa.R.A.P. 903.

In this case, Defendant was sentenced on August 12, 2011. Defendant never filed a direct appeal and did not file a post-sentence motion within ten days of the date of his sentence, but rather filed a post-sentence motion to modify his sentence on February 9, 2012, almost six months later. This motion was dismissed as untimely. The Court's order therefore became final for PCRA purposes thirty days after the August 12, 2011 sentencing date. *See, e.g.,* Commonwealth v. Concordia, 2014 Pa. Super. 155 (2014) ("Appellee's sentence became final for purposes of the PCRA statute thirty days after the entry of his sentence since he did not file a direct appeal.").

Because this date would have fallen on a Sunday, September 11, 2011, the actual final day would have been Monday, September 12, 2011. *See* id.; 1 Pa.C.S.A. § 1908. Defendant therefore had until Wednesday, September 12, 2012 in which to file all PCRA petitions, unless

4

one of the statutory exceptions applies. 41 Pa.C.S.A. § 9545(b). Defendant did previously file a timely PCRA petition on June 27, 2012, making the present petition a subsequent PCRA petition for purposes of 42 Pa.C.S.A. § 9545(b). *See* Commonwealth v. DiVentura, 1999 Pa. Super. 124, 734 A.2d 397, 399 (1999). Because the present Petition was filed on August 18, 2014, almost two years after the September 12, 2011 deadline, the Petition is untimely and this Court has no jurisdiction to consider the Petition unless one of the enumerated exceptions under 41 Pa.C.S.A. § 9545(b) is satisfied. *See* id., 1999 Pa. Super. 124, 734 A.2d at 399-400.

Defendant argues that his Petition is timely under 42 Pa.C.S.A. § 9545(b)(ii),[1] alleging ineffective assistance of counsel in relation to facts previously unknown to him in the form of a new affidavit by Ms. Tamara Sgro. In order to invoke this exception to the general one year timeliness requirement, Defendant must raise the issue within 60 sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The affidavit to which Defendant refers is dated June 18, 2014, a Saturday. The Petition with the attached affidavit was filed with the Court on August 18, 2014, and thus satisfies the 60 day requirement, if Defendant can satisfy his burden of proof that his "claim is predicated on facts [that] were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . ." 42 Pa.C.S.A. § 9545(b)(1)(ii); Commonwealth v. Beasly, 559 Pa. 604, 741 A.2d 1268, 1261-21 (1999). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of

---

[1] After correctly citing in his first paragraph this section as being the one relevant to whether his Petition is timely filed, at later points throughout his *pro se* Petition Defendant appears to conflate 42 Pa.C.S.A. § 9545(b)(1)(ii), which requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . ." with 42 Pa.C.S.A. § 9543(a)(2)(vi), which concerns the unavailability of exculpatory evidence at the time of trial and which is relevant not to timeliness but to whether a petitioner has plead and proved an issue for which relief may be granted under the PCRA. Thus, for purposes of whether this Petition is timely or not, the question is not whether the proffered evidence is exculpatory, but whether the facts were unknown and could not have been ascertained by the exercise of due diligence. Id. at § 9545(b)(1)(ii).

5

due diligence. This rule is strictly enforced." <u>Commonwealth v. Medina</u>, 2014 Pa. Super. 108, 92 A.3d 1210, 1216 (2014) (citing <u>Commonwealth v. Williams</u>, 35 A.3d 44, 53 (Pa. Super. 2011)).

Defendant states, "All prior evidence corroborates Sgro's affidavit as Sgro has never claimed to have seen the actual shooting of Mr. Johnson nor has Sgro testified at any pre-trial proceeding or the trial itself." In this Defendant is correct. The Affidavit of Ms. Sgro which he presents is consistent with her prior statements to the police as evidenced in the Affidavit of Probable cause contained within the Criminal Complaint, which was filed and docketed with the Beaver County Clerk of Courts, and was thus a public record. *See* <u>Commonwealth v. Taylor</u>, 620 Pa. 429, 435, 67 A.3d 1245, 1248 (2013) *cert. denied*, <u>Taylor v. Pennsylvania</u>, 134 S.Ct. 2695 (2014) ("This Court has found matters of public record are not unknown.").

In both her prior statement to police and her present affidavit, Ms. Sgro claims that Defendant came to her apartment to fix her door; that the victim, Mr. Johnson, came banging on the door; that she instructed Mr. Johnson to leave; that Defendant had then gone; that she then came down the steps; and that when she came downstairs, and found the body of Mr. Johnson on the ground, she then proceeded to call 911. Although it is unclear to this Court exactly what Ms. Sgro believes she is now remembering differently, it is clear that the facts she averred to on June 18, 2014 in her affidavit appear no different from those which she provided to the police on May 17, 2010 as contained within the Affidavit of Probable Cause. Thus, Defendant presents no relevant new or unknown facts.

Nevertheless, Defendant argues that "[t]he unknown fact upon which this petition is predicated is Sgro's awareness of Mr. Dixon's innocence." In this, Defendant is mistaken. At no place in Ms. Sgro's affidavit does she exonerate Defendant, nor is her affidavit particularly exculpatory. In fact, as she did in 2010, she consistently places Defendant at the time and place

of the murder, and as having fled the scene. Ms. Sgro does aver to becoming intimate with Defendant, completely disrobing him, and not being aware of any firearms. Whether Ms. Sgro did or did not remove all of Defendant's clothes, and whether Defendant did or did not have a firearm in his immediate possession at that precise moment, these would surely have been facts that Defendant would not have been unaware of. Given their averred intimate relationship, there also appears to be no reason why Defendant himself could not have previously contacted Ms. Sgro to learn what she knew. Therefore, even if Defendant was actually unaware of what Ms. Sgro knew, he has not met his burden of proof to show that he has exercised due diligence to learn. *See* Medina, 2014 Pa. Super. 108, 92 A.3d at 1216.

Ultimately, Defendant has not met his burden of proof that any of the facts in Ms. Sgro's affidavit were either unknown to him or that they could not have been ascertained by exercising due diligence. Nor does Defendant's framing of the issue in terms of ineffective assistance of counsel alter the analysis. *See* Commonwealth v. Lesko, 609 Pa. 128, 165, 15 A.3d 345, 367 (2011) ("[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA.").

Because the facts alleged in the affidavit are essentially no different than those contained in the Affidavit of Probable Cause from the original Criminal Complaint, and because there are no facts alleged and proven in Defendant's Petition which were unknown to him or which he could not have discovered by exercising due diligence, Defendant has not met his burden of proof under 41 Pa.C.S.A. § 9545(b)(1)(ii). Finally, Defendant does not allege, nor does this Court find, that his Petition is timely under either of the other two exceptions under 41 Pa.C.S.A.

7

§ 9545(b)(1). Therefore, Defendant's Petition has not been timely filed and this Court has no jurisdiction to otherwise consider Defendant's Petition.[2]

## CONCLUSION

AND NOW, to wit, this ___16th___ day of September, 2014, upon considering Defendant's Post-Conviction Relief Act Petition, it is hereby ordered for the aforementioned reasons that Defendant's Petition is hereby DISMISSED. Defendant has the right to appeal this Order to the Superior Court of Pennsylvania within thirty (30) days of the date of this Order in accordance with Rule 908(E) of the Pennsylvania Rules of Criminal Procedure.

BY THE COURT,

_____

J.

---

[2] Although not reaching the merits of Defendant's Petition because of the absence of jurisdiction, to the extent Defendant in his Petition argues that counsel was ineffective for not presenting alternative theories, for failing to file post-sentence motions, or that his guilty plea was involuntary, these issues have already been previously litigated and resolved against him on appeal in Case No. 1987 WDA 2012, and so cannot be relitigated. 42 Pa.C.S.A. § 9543(a). To the extent Defendant in his Petition argues that the evidence against him was not sufficient, Defendant also waived this argument by entering a knowing, intelligent, and voluntary guilty plea. *See* Commonwealth v. Rounsley, 717 A.2d 537, 538-39 (Pa. Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea and is not subject to attack in a post conviction proceeding.").

8