COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Mitchell D. DiVENTURA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1999.

Filed May 25, 1999.

Mitchell D. DiVentura, appellant, pro se.

Edward G. Smith, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before JOHNSON, CERCONE, and OLSZEWSKI, JJ.

JOHNSON, J.:

¶ 1 Mitchell D. DiVentura appeals from the order denying his petition for a writ of habeas corpus. We affirm.

¶ 2 In April 1979, a jury found DiVentura guilty of first-degree murder for the strangulation death of his wife. DiVentura filed a direct appeal to this Court alleging that his trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter. In October 1979, this Court granted DiVentura a new trial. *Commonwealth v. DiVentura*, 270 Pa.Super. 471, 411 A.2d 815, 818 (1979). Our Supreme Court affirmed the grant of a new trial. *Commonwealth v. Diventura*, 497 Pa. 231, 439 A.2d 1154 (1982).

¶ 3 In June 1982, another jury convicted DiVentura of first-degree murder and sentenced him to life imprisonment. DiVentura appealed directly to this Court, but withdrew his appeal in January 1985. In October 1985, DiVentura filed a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551 (repealed April 13, 1988, now 42 Pa.C.S. §§ 9541–46). In August 1987, DiVentura voluntarily withdrew his PCHA petition because at that time he was also requesting the Governor of our Commonwealth to exercise executive clemency. Clemency was not granted.

¶ 4 In July 1990, DiVentura filed a motion to reinstate his PCHA petition. The court denied the motion, and DiVentura did not appeal. In May 1991, DiVentura filed a petition under the Post Conviction Relief Act (PCRA), raising the issue pre-

sented in his first post-conviction petition and eight additional issues. After an evidentiary hearing, the PCRA court denied his petition, and this Court affirmed. *Commonwealth v. DiVentura*, 434 Pa.Super. 664, 640 A.2d 470 (1994) (unpublished memorandum). In July 1994, our Supreme Court denied DiVentura's petition for allowance of appeal. *Commonwealth v. DiVentura*, 538 Pa. 641, 647 A.2d 897 (1994). In January 1995, DiVentura filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. On March 11, 1996, the court dismissed his petition. *DiVentura v. Stepniak*, No. 95–CV–0443, 1996 WL 107852 *1, 1996 U.S. Dist. LEXIS 2808 at *1 (E.D.Pa. Mar. 11, 1996).

¶ 5 In June 1996, DiVentura filed another petition under the PCRA, alleging the same issues raised in his second petition, plus four additional issues. The court denied DiVentura's third post-conviction petition, without a hearing, and this Court affirmed. *Commonwealth v. DiVentura*, 700 A.2d 1023 (Pa.Super.1997) (unpublished memorandum). Our Supreme Court denied DiVentura's petition for allowance of appeal in November 1997. *Commonwealth v. Diventura*, 550 Pa. 677, 704 A.2d 634 (1997).

¶ 6 On October 5, 1998, DiVentura filed a petition for a state writ of habeas corpus with the Court of Common Pleas of Northampton County, incorporating many of the issues previously raised in his petitions for post-conviction relief. On the same date, the court denied DiVentura's petition. DiVentura then filed this appeal.

¶ 7 Before this Court may reach the merits of the issues presented in this appeal, we must first determine if DiVentura's petition for a state writ of habeas corpus is properly before us. For the following reasons, we find that it is not.

■ ¶ 8 First, DiVentura has alleged issues in his petition for a writ of habeas corpus that either were or could have been considered on direct appeal or during post

conviction proceedings. To this end, we have stated:

> Under Pennsylvania statute, habeas corpus is a civil remedy which lies solely for commitments under criminal process. Habeas corpus is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. If a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post conviction hearing proceedings authorized by law. *Issues are not cognizable under the statutory remedy of habeas corpus if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law.*

*Commonwealth v. McNeil*, 445 Pa.Super. 526, 665 A.2d 1247, 1249–50 (1995) (citations omitted) (emphasis added).

■ ¶ 9 Second, DiVentura's petition for a writ of habeas corpus is to be treated as a petition filed under the PCRA. Section 9542 of the PCRA reads in relevant part:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. *The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect,* **including habeas corpus and coram nobis.**

42 Pa.C.S. § 9542 (effective April 13, 1988) (emphasis added). Consequently, the common law remedy of habeas corpus is now subsumed under the PCRA. *McNeil*, 665 A.2d at 1250.

¶ 10 Third, under the provisions of the PCRA in effect when DiVentura filed the instant petition, his petition was untimely filed. The Post Conviction Relief Act was amended on November 17, 1995, with the amendments becoming effective within sixty days. These amendments restrict the time in which a PCRA petition can be filed. The relevant portion of the PCRA now provides:

> (1) Any petition under this subchapter, *including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> \* \* \* \*

> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b) (emphasis added). This amendment also provides that, where the petitioner's judgment of sentence became final before the effective date of the amendments, a PCRA petition shall be timely filed if it is the petitioner's *first* PCRA petition and was filed within one year of the effective date of the amendments. *See* 42 Pa.C.S. § 9545 note (1995 Legislation).

¶ 11 This is DiVentura's fourth petition for post conviction relief, and as such it constitutes a "subsequent petition" within the meaning of 42 Pa.C.S. § 9545(b). *See Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 356 (1995) (noting that where petitioner had filed petition for relief under PCHA, his later petition under PCRA constituted subsequent post conviction petition under PCRA); *Commonwealth v. Alcorn*, 703 A.2d 1054, 1056 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998) (determining that where appellant had previously filed petition for relief under PCRA, his later PCRA petition was subsequent petition subject to 42 Pa.C.S. § 9545(b)).

¶ 12 Accordingly, because this is DiVentura's fourth petition and it was filed after January 16, 1996, the effective date of the amendments, it must have been filed within one year of the date that his judgment of sentence became final. *Alcorn*, 703 A.2d at 1057–58 (affirming dismissal of second PCRA petition because it was filed more than five years after judgment of sentence became final under 42 Pa.C.S. § 9545).

¶ 13 DiVentura's judgment of sentence became final in January 1985 when he withdrew his direct appeal. As stated above, the instant petition was filed on October 5, 1998, more than thirteen years beyond the date that his judgment of sentence became final. Moreover, DiVentura's petition does not allege, nor does he attempt to prove, that any of the enumerated exceptions apply in this case. Consequently, we conclude that DiVentura's instant petition is untimely, and we therefore lack jurisdiction to review his claims. *See id.*; *Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super.1997) (affirming denial of second PCRA petition filed over three

years after judgment of sentence became final).

¶ 14 Based on the foregoing, we affirm the court's denial of DiVentura's petition for a state writ of habeas corpus.

¶ 15 Order **AFFIRMED**.