J-S14042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEANDRE TREMAIN THOMPSON | : | |
| | : | |
| Appellant | : | No. 1325 MDA 2016 |

Appeal from the Order Entered July 27, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002326-2012

BEFORE: GANTMAN, P.J., SHOGAN, and STRASSBURGER[*], JJ

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 11, 2017**

Deandre Tremain Thompson (Appellant) *pro se* appeals from the order entered July 27, 2016, denying his petition for writ of *habeas corpus*. We affirm.

In 2012, Appellant was charged "with sexually abusing two minor girls, D.M. and T.F." Trial Court Opinion, 10/25/2012, at 2. Appellant had been incarcerated on unrelated charges since 2008. According to the girls, the sexual abuse occurred prior to Appellant's incarceration "while he was supposed to be babysitting them." **Id**. After being appointed several attorneys and being granted numerous continuances, Appellant *pro se* filed a petition for writ of *habeas corpus* on July 21, 2014. According to Appellant,

_____

[*] Retired Senior Judge assigned to the Superior Court.

he was "never arrested on a warrant, in contravention of [Pa.R.Crim.P.] 509." Petition for Writ of *Habeas Corpus*, 7/21/2014, at ¶ 7. The Commonwealth agreed that Appellant was never arrested, but responded that Appellant was served properly with a summons pursuant to Pa.R.Crim.P. 511. Commonwealth's Answer, 7/28/2014, at ¶ 7. A hearing on Appellant's petition was held on July 31, 2014, and on August 11, 2014, the trial court issued an opinion, which provided the following.

> [Appellant] is accurate that the record clearly shows he was never arrested, in contravention of Pa.R.Crim.P. 509. In addition, although the record indicates that [Appellant] was served with a summons on April 20, 2012, due to lack of further evidence of service and [Appellant's] testimony otherwise, [the trial court] concludes that the summons was not properly served pursuant to Pa.R.Crim.P. 511. Despite these concerning defects, the Commonwealth is accurate that Pa.R.Crim.P. 109 applies, and [Appellant] is not entitled to relief at this time. Rule 109 states:
>
>> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect … before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.
>
> Pa.R.Crim.P. 109. Preliminarily, as noted in the Rule, [Appellant] was required to raise the defect before the conclusion of the preliminary hearing which was held on or about December 18, 2012…. Therefore, as [Appellant's] preliminary hearing was held over a year and a half ago, his request is too late.
>
> In addition, [Appellant] must show how the defect is prejudicial to his rights. At the July 31, 2014 hearing, [Appellant] testified that he would be ready to defend himself at

trial, yet also testified that he has had reluctance and difficulty thinking about the case going to trial because he has been unlawfully detained.

In effect, [Appellant] argues that he has been prejudiced due to his preoccupation with this issue. [Appellant] asserts that he has been so focused on the defects pertaining to his lack of arrest and improper service of summons that any trial preparation and attention to the merits of his case has become difficult.

Trial Court Opinion, 8/11/2014, at 4-5 (some citations and footnotes omitted). Concluding that Appellant's petition was late and that his preoccupation with the issue of service did not amount to actual prejudice, the trial court denied Appellant's petition.

After a jury trial, at which Appellant elected to proceed *pro se* with stand-by counsel, Appellant was found guilty of all charges. On November 6, 2015, Appellant was sentenced to an aggregate term of 66 to 174 years of incarceration. The trial court also found that Appellant was a sexually violent predator (SVP).[1] Appellant did not file a direct appeal.

On April 18, 2016, Appellant filed *pro se* the petition for writ of *habeas corpus* at issue in this appeal, in which he contended, *inter alia*, that no arrest warrant or summons was ever served in this case. Counsel was appointed and informed Appellant that he intended to represent Appellant within the framework of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant then indicated his desire to proceed *pro se* and

_____

[1] ***See*** 42 Pa.C.S. § 9979.24.

remain committed to his petition for writ of *habeas corpus*. The trial court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1999), and permitted Appellant to proceed *pro se*. In addition, the trial court concluded that Appellant was not raising any issue it had not considered already in denying Appellant's prior petition for writ of *habeas corpus*. Thus, the trial court denied Appellant's petition. Order, 7/27/2016. Appellant *pro se* timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

We begin our review by noting the relevant legal principles. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). "[C]laims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." **Commonwealth v. Masker**, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*). Our Supreme Court has explained that "the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007).

_____

[2] The Commonwealth has not filed a brief on appeal.

Here, Appellant is once again arguing that this case should be dismissed because he was never served an arrest warrant or summons. However, as the trial court points out, this amounts to an argument that the trial court erred in denying his prior petition for writ of *habeas corpus*. **See** Order, 7/27/2016, at 2 ("[Appellant] having raised no new issues that were not considered by this [c]ourt in its August 11, 2014 [o]pinion, the petition for writ of *habeas corpus* … is denied."). However, the remedy available to Appellant for purported trial court error in denying that petition is not the filing of a new petition; rather, it was the filing of a direct appeal from his judgment of sentence.

> Under Pennsylvania statute, *habeas corpus* is a civil remedy which lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. If a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post conviction hearing proceedings authorized by law. **Issues are not cognizable under the statutory remedy of *habeas corpus* if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law.**

*Commonwealth v. DiVentura*, 734 A.2d 397, 398 (Pa. Super. 1999) (quoting *Commonwealth v. McNeil*, 665 A.2d 1247, 1249-50 (Pa. Super. 1995) (citations omitted) (emphasis added)).

- 5 -

Here, Appellant was sentenced on November 6, 2015, and he had 30 days, or until December 7, 2015, to file timely a notice of appeal raising this issue. *See* Pa.R.A.P. 903. He did not do so. Because Appellant could have raised this issue in a direct appeal, but did not, Appellant is not entitled to relief. Accordingly, we affirm the order of the trial court denying Appellant's petition for writ of *habeas corpus*.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

---

[3] "[W]e may affirm the trial court's decision on any basis." ***Commonwealth v. McCulligan***, 905 A.2d 983, 988 (Pa. Super. 2006).