J-S30036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE MIGUEL PEREZ, | : | |
| | : | |
| Appellant | : | No. 1627 MDA 2016 |

Appeal from the PCRA Order September 12, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0001497-1991;
CP-36-CR-0001533-1991

BEFORE: SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 12, 2017**

Jose Miguel Perez ("Perez"), *pro se*, appeals from the Order denying his sixth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On July 9, 1992, in consolidated cases, a jury found Perez guilty of one count of delivery of a controlled substance (cocaine), and three counts of possession with intent to deliver a controlled substance (cocaine).[2] **See** 35 Pa.C.S.A. § 780-113(a)(30). On June 4, 1993, the trial court sentenced Perez to an aggregate prison term of 24-80 years. On May 2, 1994, this Court affirmed Perez's judgment of sentence. **Commonwealth v. Perez**,

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Perez had been charged with three counts of delivery of a controlled substance (cocaine) to a police informant. Executing a search warrant, police seized an additional ½ kilo (over 500 grams) of cocaine, $14,000 in cash from the kitchen table, and $10,000 in cash from Perez.

647 A.2d 266 (Pa. Super. 1994) (unpublished memorandum). Perez did not seek further review by the Pennsylvania Supreme Court. Over the years, Perez filed five petitions for PCRA relief, all of which were unsuccessful.[3]

On July 30, 2015, Perez filed the instant Petition for *habeas corpus* and PCRA relief, claiming that he is being unlawfully confined based upon the absence of the required reason(s) for his sentence on the sentencing guidelines forms. In March 2016, Perez filed an Amended Petition, asserting that his confinement is illegal because of alleged defects in the Criminal Complaint and the arrest warrant affidavits. On September 12, 2016, after appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court entered an Order denying Perez's Petition as untimely filed. Thereafter, Perez filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error. ***Commonwealth v. Breakiron***, 781 A.2d 94, 97 n.4 (Pa. 2001).

We begin by addressing the timeliness of Perez's Petition, because the PCRA's time limitations implicate the court's jurisdiction, and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Cristina***, 114 A.3d 419, 421 (Pa. Super. 2015).

---

[3] Perez also unsuccessfully sought relief in federal court.

A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). "This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). The three exceptions to the one-year filing requirement are for newly-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

In this case, Perez's judgment of sentence became final on June 1, 1994, 30 days after this Court affirmed Perez's judgment of sentence. ***See*** Pa.R.A.P. 113(a). Therefore, Perez's current PCRA Petition, filed on July 31, 2015, is facially untimely. Perez asserts that newly-discovered facts render his Petition timely filed. Brief for Appellant at 8; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Perez claims that he received the Guideline Sentence Form on July 1, 2015, and only then discovered that the sentencing court had failed to state its reasons for Perez's sentence on the record. Brief for Appellant at 8. According to Perez, this omission requires

that the sentence be vacated, "regardless of the appropriateness of the sentence." *Id.* at 8-9.

As our Supreme Court has explained, to establish an exception pursuant to subsection (b)(1)(ii), a petitioner must establish only that

> (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270-72 (Pa. 2007). We have unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1268 (Pa. 2008). Rather, the exception only requires a petitioner to "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." *Bennett*, 930 A.2d at 1270; *see also* [] *Breakiron*, … 781 A.2d [at] 98 [] (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

*Commonwealth v. Cox*, 146 A.3d 221, 227-28 (Pa. 2016).

Here, Perez failed to establish how this information was unascertainable, with the exercise of due diligence, within one year of his judgment of sentence becoming final. *See Commonwealth v. Burton*, 2017 Pa. LEXIS 664, *43 n.23 (Pa. March 28, 2017) (stating that "[a] *pro se* incarcerated PCRA petitioner is still required to prove that the facts upon which his claim of a timeliness exception under subsection 9545(b)(1)(ii) is based were unknown to him and not ascertainable by the exercise of due diligence."). There is nothing of record establishing that this information was unavailable to Perez during his direct appeal or throughout his last five

- 4 -

PCRA proceedings. Accordingly, Perez has failed to establish an exception to the PCRA's timeliness requirement on this basis. ***See id.***

Perez additionally claims that the "Criminal [C]omplaint[] and arrest warrant affidavits filed herein rendered the trial court [] void of jurisdiction *ab initio* for 'want of probable cause,'" as the result of an unidentified signature on those documents. Brief for Appellant at 10. Perez asserts that the documents appeared to be issued by District Justice Earle Schmuckle, "but he did not sign the jurat finding probable cause[,] but an unidentifiable signature appears." ***Id.*** Perez contends that he is entitled to *habeas corpus* relief based upon these defects, and therefore, the PCRA's time limit does not apply. ***Id.*** at 13.

Under the Pennsylvania statute,

*habeas corpus* is a civil remedy which lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. If a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post[-]conviction hearing proceedings authorized by law. Issues are not cognizable under the statutory remedy of *habeas corpus* if they could have been considered and corrected **in the regular course of appellate review** or by post-conviction proceedings authorized by law.

***Commonwealth v. DiVentura***, 734 A.2d 397, 398 (Pa. Super. 1999) (citation omitted) (emphasis added).

- 5 -

Our Rules of Criminal Procedure provide that

[a] defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

Perez did not challenge the alleged defects in the Criminal Complaint and affidavits supporting his arrest warrant before the conclusion of the preliminary hearing or trial and, therefore, the issue was waived. *See* *Commonwealth v. Manni*, 302 A.2d 374, 377 (Pa. Super. 1973) (stating that the failure to object to a defect in the complaint waives the issue). The defects now alleged by Perez could have been addressed on direct appeal, and counsel's failure to object to the alleged defects could have been considered and corrected through a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii) (providing eligibility for relief based upon "ineffective assistance of counsel); *see also id.* § 9542 (stating that the PCRA subsumes the remedy of *habeas corpus*). Accordingly, the remedy of *habeas corpus* is not available to Perez. *See DiVentura*, 734 A.2d at 398.

Because Perez has established neither an exception to the PCRA's timeliness requirement, nor the right to *habeas corpus* relief, we affirm the Order of the PCRA court.

- 6 -

J-S30036-17

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017