J. S06037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALLEN GINN | : | No. 1728 EDA 2018 |
| | : | |
| APPEAL OF:  BARBARA GINN | : | |

Appeal from the PCRA Order, May 22, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0232991-1993

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 03, 2019**

Barbara Ginn (hereinafter, "Mother"), appeals *pro se* from the May 22, 2018 order dismissing the petition for writ of *habeas corpus* she filed on behalf of her son, Allen Ginn, purportedly as next friend, for lack of standing. After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On March 8, 2017, Mother filed a *pro se* petition for writ of *habeas corpus* on behalf of Allen Ginn.[1]  Mother initially filed her petition in the Court of Common Pleas of Philadelphia County – Civil

---

[1] Allen Ginn was sentenced to life imprisonment plus 10 to 20 years on January 24, 1996.  On December 11, 1997, a panel of this court affirmed Ginn's judgment of sentence, and our supreme court denied allowance of appeal on August 28, 1998.  ***See Commonwealth v. Ginn***, 706 A.2d 1252 (Pa.Super. 1997) (unpublished memorandum), ***appeal denied***, 727 A.2d 128 (Pa. 1998).

Division, but the petition was transferred to the Criminal Division for final adjudication on March 13, 2017. On May 22, 2018, the PCRA court issued an order and opinion dismissing Mother's *habeas corpus* petition for lack of standing.[2] This timely appeal followed. On July 7, 2018, this court issued a rule to show cause directing Mother to state why her appeal should not be quashed because she is not a licensed attorney and is therefore precluded from representing Allen Ginn in this matter. Mother filed a response on July 12, 2018.

It is well settled that the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, is "the sole means of obtaining collateral relief and encompass[es] all other common law remedies for the same purpose . . . including *habeas corpus*. . . ." *Commonwealth v. West*, 938 A.2d 1034, 1041 (Pa. 2007), quoting 42 Pa.C.S.A. § 9542. In other words, "the PCRA statute subsumes the writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted). As such, "[i]ssues are not cognizable under the statutory remedy of *habeas corpus* if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law." *Commonwealth v.*

---

[2] The record also reflects that the PCRA court filed a separate order and opinion on May 22, 2018, dismissing Allen Ginn's fourth *pro se* PCRA petition as untimely. *See* PCRA court order and opinion, 5/22/18 at unnumbered 1-2. Allen Ginn has appealed the dismissal of said petition. *See* Docket No. 1725 EDA 2018.

*DiVentura*, 734 A.2d 397, 398 (Pa.Super. 1999) (citation omitted), *appeal denied*, 745 A.2d 1218 (Pa. 1999).

Here, the crux of Mother's argument on appeal is that the trial court lacked jurisdiction to sentence Allen Ginn because the Bill of Information was defective. (*See* Mother's brief at 7; Mother's *pro se* "Petition for Writ of *Habeas Corpus*," 3/13/17 at 1-2.) This claim that falls squarely within the purview of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(viii) (stating that a claim that a conviction or sentence resulted from "[a] proceeding in a tribunal without jurisdiction" is cognizable under the PCRA). Accordingly, the PCRA court properly treated Mother's filing as a PCRA petition, and Mother would necessarily need to establish standing as Allen Ginn's "next friend" in order to raise this claim on his behalf.

In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the United States Supreme Court recognized that "next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163 (internal quotation marks omitted). On the contrary, our state jurisprudence provides that under *Whitmore*, a third party who seeks standing to bring a PCRA appeal on behalf of a petitioner as a "next friend" must satisfy two factors. *See*, *e.g.*, *Commonwealth v. Haag*, 809 A.2d 271, 278 (Pa. 2002) (recognizing that pursuant to *Whitmore*, "our law permits a next friend to bring a PCRA action on behalf of a prisoner." (citations omitted)). First, the putative next friend must "provide adequate explanation,

such as lack of access to courts, mental incapacity, or other disability, as to why defendant is incompetent to appear on his own behalf." ***Commonwealth v. Sam***, 952 A.2d 565, 589 (Pa. 2008) (concurring opinion) (citation omitted), ***cert. denied***, 558 U.S. 828 (2009); ***see also Commonwealth v. Bronshtein***, 729 A.2d 1102, 1105-1107 (Pa. 1999) (applying the ***Whitmore*** reasoning to mother and sister's standing as putative next friends of defendant to appeal the voluntary dismissal of his PCRA petition). Second, the putative next friend must establish that they have a "significant relationship to defendant and dedication to defendant's best interests." ***Sam***, 952 A.2d at 589.

Instantly, to the extent that Mother asserts "next friend" status on behalf of Allen Ginn, we find that she lacked standing to do so because she failed to demonstrate that he has a mental incapacity that renders him incompetent to appear on his own behalf and litigate his own cause. ***Sam***, 952 A.2d at 589. On the contrary, as noted, Allen Ginn did in fact pursue PCRA relief on his own behalf multiple times, and his ***pro se*** appeal from the denial of his fourth PCRA petition is currently before this court. ***See*** Docket No. 1725 EDA 2018.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Mother's petition for lack of standing.

Order affirmed.

J. S06037/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19