J-A28014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WINSTON | : | |
| | : | |
| Appellant | : | No. 716 EDA 2019 |

Appeal from the PCRA Order Entered February 21, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0402771-1975

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 03, 2020**

William Winston, *pro se*, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his fourth post-conviction petition, but the first that was filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. After review, we find that Winston's petition is facially untimely, and he has failed to prove any of the three statutory exceptions to the PCRA's time-bar. Therefore, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of his petition, and correspondingly, we affirm.

Winston was found guilty by a jury of second-degree murder, attempted rape, and aggravated assault on November 24, 1975. The court sentenced

_____

* Former Justice specially assigned to the Superior Court.

Winston to life in prison without the possibility of parole plus three to ten years on June 7, 1976.

Winston filed a counseled notice of appeal to our Supreme Court on the same date he was sentenced. Several months later, while his appeal was still pending, Winston filed a *pro se* petition, his first, under the PCRA's predecessor, the Post Conviction Hearing Act ("PCHA"). The PCHA court dismissed the petition as premature. Thereafter, Winston instructed his direct appeal counsel to discontinue his appeal, which resulted in that appeal's abandonment.

Winston then filed, *pro se*, his second petition pursuant to the PCHA. Counsel was appointed and an amended petition was filed. That petition was ultimately dismissed, and our Supreme Court affirmed the PCHA court's dismissal order. Several years later, Winston filed, again *pro se*, his third PCHA petition. That petition was dismissed as meritless by the PCHA court, and Winston did not pursue any appeal from his third petition's dismissal.

On January 13, 2016, Winston, *pro se* in this instance as well, filed the present PCRA petition, which was found to be untimely by the PCRA court. Winston timely appealed this decision.

This Court's standard of review as to an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error. **See Commonwealth v. Hart**, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified

record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Prior to addressing any of the claims in Winston's petition, we must first consider the petition's timeliness. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Winston's judgment of sentence became final on July 8, 1977, the date his direct appeal was withdrawn while pending before our Supreme Court. **See Commonwealth v. DiVentura**, 734 A.2d 397, 399 (Pa. Super. 1999) (identifying that the petitioner's "judgment of sentence became final … when he withdrew his direct appeal"). Accordingly, July 10, 1978,[1] is the operative date for the PCRA's time-bar, and any petition filed after that date is untimely.

---

[1] July 8, 1978, fell on a Saturday. Therefore, Winston had until the following Monday to file a timely petition. **See** 1 Pa.C.S.A. § 1908.

*See id*. (discussing the 1995 amendment to the PCRA which allowed any petitioner with a final judgment of sentence prior to its effective date to file, within one year, his or her first PCRA petition, but also finding that the filing of a PCHA petition is equivalent to a prior-filed PCRA petition). Winston's instant and fourth post-conviction petition, filed over thirty-five years after his judgment of sentence became final, is facially untimely. However, there are three statutory exceptions that, if he were to successfully plead and prove any one of them, Winston could use to surmount the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

> The PCRA's three time-bar exceptions are as follows:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. A petitioner asserting any one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). Nevertheless, if the claim arose prior to December 24, 2017, the petitioner would have only had sixty days to assert that claim. *See id*.

Winston has filed the present petition as a *pro se* litigant.

Although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant. Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

The only basis presented in Winston's brief to circumvent the PCRA's time-bar is the newly discovered facts exception. *See* Appellant's Brief, at 7 ("Did the PCRA [c]ourt err when it denied [Winston's] timeliness exception pursuant to [42 Pa.C.S.A] § 9545(b)(ii) based on a faulty reading of *Com*[*monwealth*] *v. Burton*, [121 A.3d 1063 (Pa. Super. 2015)]?"). To the best of our ability in interpreting Winston's argument, Winston asserts that his "life sentence without parole is illegal under [18 Pa.C.S.A. §] 2502(b)," Appellant's Brief, at 13, based on some combination of what he has titled Pennsylvania Act No. 46, H.B. 1060 P.L. 213 ("Act 46") as well as 18 Pa.C.S.A. § 1103(1). Further, Winston asserts that his petition is timely under *Burton* because he employed "robust efforts in due diligence [to ascertain] the legislative language," Appellant's Brief, at 13, informing him of the illegality of his life sentence.

Although he does not provide us with the date for his discovery of what he submits are newly discovered facts, we will assume without actually

deciding that Winston acted with due diligence in making his discovery. In **Burton**, we held that, when assessing due diligence in uncovering what would thereafter be purportedly newly discovered facts, the presumption of access to publically available information does not apply to *pro se* petitioners. **See** 121 A.3d at 1073.

In essence, Winston relies upon the fact that Act 46 apparently defines second-degree murder as a first-degree felony. Winston then uses this definition to suggest that his term of imprisonment for his second-degree murder offense should not have been more than twenty years pursuant to 18 Pa.C.S.A. § 1103(1).

First, Winston was sentenced under 18 Pa.C.S.A. § 1102(b) rather than 18 Pa.C.S.A. § 1103(1).[2] Section 1102(b) mandates that a defendant convicted of second-degree murder "shall be sentenced to a term of life imprisonment." 18 Pa.C.S.A. § 1102(b). Second, a statute or act in existence at the time of Winston's trial is not a "new fact" within the meaning of the PCRA. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (distinguishing a "fact" from the "law").

---

[2] The Commonwealth correctly notes that if Winston's argument is based on **Commonwealth v. McKenna**, 383 A.2d 174 (Pa. 1978), which Winston cited in his petition, it still fails. **McKenna** found 18 Pa.C.S.A. § 1102(a) unconstitutional, as it allowed for "unfettered discretion in imposition of the death penalty." **See id**., at 179. The court did not sentence Winston under section 1102(a), but rather section 1102(b), which did not provide for the imposition of the death penalty and therefore was not affected by **McKenna**.

Accordingly, Winston has failed to plead and prove any exception to the PRCA's time-bar. Therefore, the PCRA court did not err in dismissing his patently untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/20