J-S34030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY E. JOHNSON | : | |
| | : | |
| Appellant | : | No. 292 MDA 2021 |

Appeal from the PCRA Order Entered January 28, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000602-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: MAY 4, 2022**

Jeffrey E. Johnson appeals the denial of his second Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He claims the PCRA court erred by dismissing his petition, which raised claims of ineffective assistance of counsel. We conclude Johnson's petition was untimely and affirm.

On October 30, 2017, Johnson pleaded guilty to several crimes associated with this docket. Before sentencing, on February 2, 2018, Johnson moved to withdraw his guilty plea, and the trial court granted the motion. He again pleaded guilty, on May 7, 2018, this time to burglary and theft by unlawful taking.[1] **See** Guilty Plea Colloquy, dated May 7, 2018. The written guilty plea colloquy form did not list a restitution amount.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(4) and 3921(a), respectively.

The day before sentencing, Johnson filed a motion to withdraw his guilty plea claiming his innocence and that he was coerced into pleading guilty. *See* Motion to Withdraw, filed 7/16/18, at ¶ 18. The trial court denied the motion and following a hearing sentenced Johnson to 18 months to 5 years' incarceration and ordered restitution for $10,602.35. *See* Order of Court, filed 7/24/18.

Johnson filed a *pro se* notice of appeal on August 9, 2018. Counsel filed a motion to withdraw as counsel, which the court granted. It then appointed new counsel who filed a Pa.R.A.P. 1925(b) statement. *See* Notice of Appeal, filed 8/9/18; Rule 1925(b) Statement, filed 10/12/18.

Johnson subsequently informed this Court and counsel that he wished to proceed *pro se*. *See* Motion to Withdraw, filed 10/29/18. This Court ordered the trial court to hold a hearing regarding Johnson's request to proceed *pro se* and following the hearing, the court granted Johnson's request and permitted counsel to withdraw. *See* Order, filed 12/17/18.

This Court then permitted Johnson to file an amended Rule 1925(b) statement where he claimed that the trial court erred in denying his motion to withdraw his plea because "he was innocen[t], prosecutorial misconduct , ineffective assistan[ce] of counsel, judicial misconduct." Amended 1925(b) Statement, filed 5/30/19, at ¶ 12. He also asserted that the trial court "abused its discretion in denying [Johnson] a restitution hearing when he objected to it at sentencing." *Id.* at ¶ 14. However, Johnson withdrew his direct appeal

on June 28, 2019. **See** Order of Court, filed 7/1/19; Notice of Discontinuance Action, dated 6/28/19.

Johnson filed his first *pro se* PCRA petition on October 21, 2019, arguing that his plea was invalid because he was not told that restitution would be part of the plea agreement and that counsel was ineffective for failing to object to the imposition of restitution. **See** PCRA Petition, filed 10/21/19, at ¶ 54. The court appointed Allen Welch, Esquire and directed counsel to file an amended PCRA petition. **See** In Re: PCRA Petition Order, filed 10/24/19. Counsel did not file an amended PCRA petition. However, Johnson filed a *pro se* amended petition on January 8, 2020, claiming trial counsel coerced him to plead guilty and asserting ineffective assistance of trial counsel. **See** *Pro Se* Amended PCRA Petition, filed 1/8/20, at 4. The court held a hearing where Attorney Welch represented Johnson. **See** N.T., PCRA Hearing, 1/17/20. It heard testimony from Johnson and his prior attorneys. The court subsequently denied the petition. **See** Order, filed 4/2/20.

Johnson filed two untimely *pro se* notices of appeal from the order denying relief, one dated May 11 and another dated May 27. **See** *Pro Se* Notice of Appeal, filed 5/11/20; *Pro Se* Notice of Appeal, filed 5/27/20. Johnson withdrew one of the appeals. **See** Notice of Discontinuance of Action, dated 7/1/20; Order of Court, filed 7/6/20.  Attorney Welch, as counsel of record, requested that the second appeal be withdrawn, and the discontinuance was granted. **See** Order of Court, filed 7/16/20. Both withdrawals read that the appeal being withdrawn was from the "PCRA order entered 4/02/2020."

- 3 -

Johnson filed the instant untimely PCRA petition, on July 7, 2020, again acting *pro se*, though still counseled by Attorney Welch*. **See** PCRA Petition, filed 7/7/20.[2] He claimed both trial counsel and Attorney Welch were ineffective. ***Id.*** at 2, 7. He argued that trial counsel was ineffective for failing to object to the imposition of restitution as part of his sentence when restitution was not part of his guilty plea. ***See*** Brief in Support of PCRA Relief, filed 9/14/20, at 4. He also claimed that Attorney Welch was ineffective for failing to file a  timely notice of appeal from the court's denial of his first PCRA petition.

Johnson's petition addressed the timeliness of the petition and claimed the newly discovered fact time-bar exception. ***See*** PCRA Petition, at 3, ¶ 14. He argued that "the discovery of counsel's abandonment satisfie[d] the newly discovered fact exception[.]" ***Id.*** at ¶ 19. He alleged that counsel abandoned him by failing to file a timely notice of appeal from the PCRA court's denial of his first PCRA petition and that he discovered this fact when the Prothonotary's Office supplied him with a copy of the docket entries, on May 29, 2020. He also requested that his appellate rights be reinstated as to his first PCRA petition. ***Id.*** at 7. However, Johnson did not allege that he asked counsel to

---

[2] The PCRA petition has two dates written in by Johnson, June 28, 2020, and June 30, 2020. The record does not contain an envelope with a postmark or other proof of mailing. ***See Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa.Super. 2019) (prisoner mailbox rule provides that the filing date of a document by a *pro se* prisoner will be "deemed filed on the date he delivers it to prison authorities for mailing") (citation omitted). However, even if we assume it was mailed on June 30, 2020, the latest date contained on the document, the petition would still be untimely.

file an appeal. Subsequently, Johnson filed a request to remove Attorney Welch and to proceed *pro se*. **See** Request for Withdrawal of Counsel/**Grazier** Hearing, filed 7/23/20.[3] In the motion, he claimed irreconcilable differences with counsel. **Id.**

Later, on August 11, 2020, Attorney Welch filed a Motion to Withdraw as Counsel. He stated that, although counseled, Johnson filed his own notice of appeal from the denial of his first PCRA petition. Motion to Withdraw as Counsel, filed 8/11/20, at ¶ 5. He also stated that shortly after the appeal, the Disciplinary Board of the Supreme Court contacted him regarding complaints of ineffective assistance of counsel received from Johnson. **Id.** at ¶ 6. Counsel contacted Johnson to inform him that he would be filing a motion to withdraw as counsel. Counsel also stated that he received notice from this Court that Johnson withdrew his appeal. Counsel then stated, "Feeling that the withdrawal of the appeal, which Johnson sought, was a more expeditious way to resolve the matter, undersigned counsel prepared a motion to withdraw under his signature and submitted it." **Id.** at ¶ 9.

The PCRA court held a **Grazier** hearing and granted Johnson's request to proceed *pro se* and permitted counsel to withdraw. Order of Court, filed 8/19/20.

At a hearing on the petition, the court heard testimony from Attorney Welch and Johnson. Counsel testified that he did not file a notice of appeal from the denial of Johnson's first PCRA because he believed that the one issue

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

that had merit, his Recidivist Risk Reduction Incentive ("RRRI") eligibility, had become moot.[4] N.T., PCRA Hearing, 10/8/20, at 5. He explained that Johnson "had already served a sentence in excess of the maximum – or of the minimum sentence without the RRRI application." *Id.* He testified that it had become a moot issue and therefore "it wouldn't change one day in the amount of time that he is sitting in prison on these charges[.]" *Id.* at 6. Counsel testified that he explained this to Johnson in the letters he sent to the Disciplinary Board after Johnson filed his complaint against counsel. *Id.* at 5. He also testified that he did not remember if he explained this to Johnson at the time that he initially raised the issue. *Id.* at 6. Counsel testified that he told Johnson that "if I found law to support your position that you should have been granted RRRI status, I would in fact, file a brief in support of that." *Id.* at 12.

Counsel also testified that at the time Johnson filed his notice of appeal "Johnson wanted me to withdraw as counsel." *Id.* at 8. Based on this request, he testified that he believed that it was better to withdraw the appeal than to go through the process of withdrawing as counsel. *Id.* at 9. He testified that by withdrawing the appeal, he believed that his duties as counsel would have ceased. *Id.*

During cross-examination, Johnson did not ask counsel whether he told Johnson that he was going to file a notice of appeal from the denial of the first PCRA petition or whether Johnson asked him to do so. There also was no discussion regarding the timeliness of the petition.

---

[4] 61 Pa.C.S.A. § 4504.

Later in December, Johnson also filed a petition to amend his PCRA petition and alleged, among other things, that after the court denied his first PCRA petition, "PCRA counsel stated that he would file [an] appeal on [Johnson's] behalf but failed to do so[.]" Petition for Amend Post Conviction Relief PCRA Petition and Memorandum of Law In Support of Relief, filed 12/23/20, at 24 (unpaginated).

In its opinion, the court did not address the timeliness of the petition and instead addressed the merits of Johnson's claims. The opinion also did not address Johnson's allegation of ineffectiveness regarding Attorney Welch's failure to file a timely notice of appeal. The court concluded that "[Johnson] is attempting to collaterally attack his own decision to withdraw his earlier appeals, and his second PCRA petition should be denied on this basis alone." PCRA Ct. Op., filed 1/28/21, at 6. The court denied the petition and did not reinstate Johnson's appellate rights.[5] *See* Order of Court, filed 1/28/21. This timely appeal followed.

The court ordered Johnson to file a Concise Statement of Matters Complained of on Appeal, and after obtaining two extensions, he filed one that listed ten issues and included an argument section after issue I. and what

---

[5] Johnson maintains that the PCRA court granted his request for reinstatement of his appellate rights for his first PCRA petition. *See* Johnson's Br. at 14. However, this is a misstatement of the record. In its opinion, the PCRA court quoted the heading of Johnson's issue which alleged that his appellate rights be reinstated. However, the court did not reinstate Johnson's appellate rights and in fact denied the petition. *See* PCRA Ct. Op., filed 1/28/21 at 2, 11.

appears to be portions of his amended petition after issue X. Johnson's brief to this Court asserts two issues:

I. Whether the PCRA court erred when it determined that guilty plea and PCRA counsel were effective and [Johnson's] plea was voluntary and intelligently entered when the record holds that, the contractual agreement is not being enforced and therefore, invalidates the terms of the agreement and [Johnson] was not apprised of the fact that restitution was part of the plea agreement as such is not contained in the written colloquy nor was such orally explained or made part of the record when the court conducted an-on-the-record colloquy?

II. Whether the PCRA court erred when it determined that guilty plea and PCRA counsel were effective and [Johnson's] plea was voluntary and intelligently entered when the record holds that, [Johnson's] plea fails to satisfy the essential requirements of Pa.R.Crim.P. 590 and the product of the plea was based upon coercion?

Johnson's Br. at 3 (suggested answers omitted).

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citations omitted). The PCRA is jurisdictional in nature, thus where a petition is untimely "this Court has no jurisdiction over the petition" unless a time-bar exception applies. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005). A petition is timely when it has been filed within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking review." ***Id.*** at §
9545(b)(3). However, when a petitioner has withdrawn their direct appeal,
the judgment of sentence becomes final on the date of withdrawal. ***See
Commonwealth v. DiVentura***, 734 A.2d 397, 399 (Pa.Super. 1999)
(identifying that petitioner's "judgment of sentence became final . . . when
he withdrew his direct appeal").

To overcome the time-bar, a petitioner must plead and prove at least
one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation
> of the claim in violation of the Constitution or laws of this
> Commonwealth or the Constitution or laws of the United
> States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been
> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States or
> the Supreme Court of Pennsylvania after the time period
> provided in this section and has been held by that court to
> apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The exception must be raised within one
year of the date that the claim could have been presented. ***Id.*** at §
9545(b)(2). We may not address the merits of an untimely PCRA petition
where the petitioner has failed to satisfy at least one of the time-bar
exceptions. ***See Commonwealth v. Whiteman***, 204 A.3d 448, 450
(Pa.Super. 2019).

Here, Johnson withdrew his direct appeal on June 28, 2019, and had until June 29, 2020,[6] to file a timely PCRA petition. The instant PCRA petition is untimely because it was not filed until July 7, 2020. Johnson raised the newly discovered fact time-bar exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). To satisfy the newly discovered fact exception, Johnson must plead and prove "'that there were 'facts' that were 'unknown to him' and that he could not have ascertained those facts by the exercise of 'due diligence[.]'" **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (internal citations omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*).

Here, Johnson claimed that counsel told him that he would file a notice of appeal from the denial of the petition. He alleged that he learned of counsel's failure to file a notice of appeal on May 29, 2020, when he received his docket from the Prothonotary's Office. At the PCRA hearing Johnson did not question Attorney Welch on whether he agreed to file an appeal on his behalf or if Johnson requested him to file an appeal. Furthermore, if it is true, as Johnson claims, that he did not become aware that an appeal had not been filed until May 29, that does not explain why he filed two notices of appeal

---

[6] June 28, 2020, fell on a Sunday. **See** 1 Pa.C.S.A. § 1908 (stating computation of time excludes legal holidays and weekends).

before that date, on May 11 and May 27. Most importantly, even assuming he did not discover the failure to appeal until May 29, Johnson has never explained why he did not file the subject PCRA petition before the one-year deadline, or indeed until July 7, 2020. He has therefore failed to establish due diligence. We affirm the order of the court denying his petition because the petition is untimely, and Johnson has failed to satisfy any time-bar exception.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2022

---

[7] **_See Commonwealth v. Clouser,_** 998 A.2d 656, 661 n.3 (Pa.Super. 2010) (stating this Court may affirm an order on any basis supported by the record).